IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DONNA SHULTS AND SHELLY SHULTS, | § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 2-03CV-431 TJW |
| TOYOTA MOTOR CORPORATION | | |
| Defendant. | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DONNA SHULTS AND SHELLY SHULTS, hereinafter referred to as Plaintiffs, and files this Original Complaint complaining of TOYOTA MOTOR CORPORATION, hereinafter referred to as Defendant, and states the following:

**A. Parties**

1. Plaintiff Donna Shults is the biological mother of Shelly Shults, and she resides in and is a citizen of Arlington, Tarrant County, Texas.

2. Plaintiff Shelly Shults is the biological daughter of Donna Shults and she resides in and is a citizen of Arlington, Tarrant County, Texas.

3. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, at 1 Toyota-Cho, Toyota, 0471, Japan.

**B. Jurisdiction**

4. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Facts

5. On April 22, 2003, Plaintiff Donna Shults was driving her 1991 Toyota Corolla (VIN # 1NXAE94AIMZ179494), traveling southbound at or near the 1700 block of Collins Street in Arlington, Tarrant County, Texas with her daughter, Shelly Shults, in the right front passenger seat and her grandson, Jordan Shults, in the right rear passenger seat when a vehicle driven by Randal Hill was rear-ended and crossed into Donna Shults lane of traffic resulting in a collision.

6. At the time of the accident, Donna Shults and Shelly Shults were wearing their door mounted shoulder belt and Jordan Shults was properly wearing his 3-point belt. There appears to be no loading on the manual lap belt for either front seat occupants.

7. Donna Shults suffered a lacerated liver and fractured femur in two places. Shelly Shults suffered a liver laceration, TBI and now suffers seizure disorder.

## D. Cause of Action
## As To Defendant Toyota Motor Corporation

8. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as described herein because the vehicle's restraint system and crashworthiness capabilities were dangerous and defective.

10. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew of the following defects:

      a.    the passive shoulder belt was too stiff;
      b.    the passive shoulder belt had a tendency to overload the upper torso;
      c.    the passive shoulder belt failed to distribute load appropriately;
      d.    the passive shoulder belt failed to restrain the upper torso appropriately;
      e.    the manual lap belt failed to provide passive restraint;
      f.    the vehicle failed to provide adequate lower torso restraint;
      g.    the vehicle failed to provide an adequate knee bolster;
      h.    the vehicle failed to provide an adequate anti-submarining seat;
      i.    the vehicle failed to provide adequate passive restraint;
      j.    the vehicle failed to provide a crashworthy vehicle.

11. Defendant was negligent in the testing of the vehicle in question in that no vehicle-to-vehicle testing was conducted.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

13. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Donna Shult's serious injuries.

14. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Shelly Shult's serious injuries.

### E. Damages to Plaintiff

15. As a result of the acts and/or omissions of Defendant, Plaintiff Donna Shults has suffered pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of her injuries.

16. As a result of the acts and/or omissions of Defendant, Plaintiff Donna Shults has suffered lost wages in the past and diminished earning capacity into the future as a result of her injuries.

17. As a result of the acts and/or omissions of Defendant, Plaintiff Donna Shults has experienced physical impairment and disfigurement as a result of her injuries into the past and in all likelihood, will into the future as a result of her injuries.

18. As a result of the acts/or omissions of Defendants, Plaintiff Donna Shults has become obligated to pay reasonable and necessary medical expenses in the past and will likely incur medical expenses into the future.

19. As a result of the acts and/or omissions of Defendant, Plaintiff Shelly Shults has suffered pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and, in all likelihood, will into the future as a result of her injuries.

20. As a result of the acts and/or omissions of Defendant, Plaintiff Shelly Shults has suffered lost wages in the past and diminished earning capacity into the future as a result of her injuries.

21. As a result of the acts and/or omissions of Defendant, Plaintiff Shelly Shults has experienced physical impairment and disfigurement as a result of her injuries into the past and in all likelihood, will into the future as a result of her injuries.

22. As a result of the acts/or omissions of Defendants, Plaintiff Shelly Shults has become obligated to pay reasonable and necessary medical expenses in the past and will likely incur medical expenses into the future.

23. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries and damages to Plaintiffs have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## F. Prayer

24. For these reasons, Plaintiffs ask for judgment against Defendant for
    a.   actual damages;
    b.   prejudgment and post-judgment interest beginning April 22, 2003;
    c.   costs of suit; and
    d.   all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy (Attorney-In-Charge)
State Bar No. 20178650
Stewart D. Matthews
State Bar No. 24039042
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax


**ATTORNEYS FOR PLAINTIFFS**